# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * | | |
| SHERRY LERWICK, | * | No. 06-847V |
| legal representative of a minor child, | * | Special Master Christian J. Moran |
| BRADEN LERWICK, | * | |
| | * | Filed: January 23, 2014 |
| Petitioner, | * | |
| | * | |
| v. | * | Attorneys' fees and costs; stipulation |
| | * | for interim award; award in the amount |
| SECRETARY OF HEALTH | * | to which respondent does not object. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * | | |

<u>Curtis R. Webb, Esq.</u>, Webb, Webb & Guerry, Twin Falls, ID, for petitioner;
<u>Michael P.Milmoe</u>, United States Department of Justice, Washington, D.C., for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

On December 27, 2013, petitioner filed a stipulation of fact concerning interim attorney's fees and costs in the above-captioned matter. Previously, petitioner informally submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended his application to request $185,432.33, an amount to which respondent does not object. The Court awards this amount.

On December 12, 2006, Sherry Lerwick filed a petition for compensation on behalf of her minor son, Braden Lerwick, alleging that the diphtheria, tetanus, acellular pertussis (DTaP) vaccine that Braden received on August 3, 2004, caused him to suffer acute disseminated encephalomyelitis, also known as ADEM. Ms. Lerwick was previously

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

awarded interim attorneys' fees and costs in the total amount of $114,567.67.  See Decision, issued May 26, 2010. The undersigned later found petitioner entitled to compensation and the case remains pending in the damages phase.  See Ruling, issued Sept. 8, 2011.   Because petitioner was found to be entitled to compensation, she is entitled to an award of attorneys' fees and costs.   42 U.S.C. § 300aa-15(e).   Furthermore, awards of attorneys' fees and costs on an interim basis are permitted in the Vaccine Program.   See Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).

Ms. Lerwick seeks a total of **$185,432.33** in interim attorneys' fees and costs for her counsel.   These costs represent work completed by Ms. Lerwick's counsel from February 25, 2010, through November 12, 2013.   Included in this timeframe are the preparation of a post-hearing brief following a January 2010 entitlement hearing, a lengthy life-care planning process with site visit, the preparation of a detailed motion for interim compensation, as well as the preparation, participation and briefing of a three-day September 2013 damages hearing.   These events are detailed below.

   a.  **2010**

Much of the nearly 111 hours billed by petitioner's attorney in 2010 can be attributed to the drafting of petitioner's post-hearing brief following the January 2010 entitlement hearing.   The post-hearing brief is 37 substantive pages of wholly original material content.   The balance of the hours billed in 2010 largely constitute the drafting of petitioner's reply brief which consisted of 16 novel substantive pages addressing respondent's arguments.

   b.  **2011**

Petitioner's attorney billed only 33 hours in 2011.   This time was spent in settlement discussions with respondent as well as research to determine the existence of any Medicaid lien.   Following the undersigned's September 2010 decision finding entitlement to compensation, the invoice of petitioner's attorney includes nine hours of communication involving petitioner, her expert, opposing counsel, as well as with petitioner's newly selected life care planner.

   c.  **2012**

The parties each retained a life care planner.   The majority of the time billed by petitioner's attorney in 2012 reflects the large amount of communication necessary between the parties, and their life care planners, to coordinate a joint site visit and prepare separate comprehensive life care plans.   As noted in the draft application for fees submitted by petitioner's attorney to respondent, a portion of this time was spent responding to requests by respondent's life care planner during the life care planning

process.   In addition to the formulation of a life care plan, petitioner's attorney conducted research and created exhibits necessary for petitioner's claim for past unreimbursed expenses.

### d.  2013

The billing for 2013 includes a large amount of preparation for the three day damages hearing in September 2013.   During this preparation, the parties shortly re-visited potential settlement discussions.   For this effort petitioner's attorney contacted a third party mediator.   A large part of petitioner's preparation for hearing included securing and preparing witnesses such as petitioner's treating physicians.

The drafting of petitioner's post-hearing brief on damages is also included in 2013. In addition to the 21 page post-hearing brief, petitioner also drafted and submitted a motion for interim damages as well as detailed original exhibits summarizing the voluminous records supporting her motion.

The undersigned has reviewed petitioner's draft application and finds the requested fees reasonable.   Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $185,432.33 in the form of a check made payable to petitioner, Sherry Lerwick, and petitioner's attorney, Curtis R. Webb, Esq., from the law firm of Webb, Webb & Guerry, for interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter. The Clerk shall enter judgment accordingly.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.